PLATT, Assignee, etc., *v.* MATTHEWS and others.

*(District Court, S. D. New York. January.30, 1882.)*

1. BANKRUPTCY—TITLE OF ASSIGNEE—SUIT TO RECOVER INTEREST OF BANKRUPT ON PROPERTY TRANSFERRED IN FRAUD.

    The bankrupt act vests the assignee with the title to all property conveyed by the bankrupt in fraud of creditors; and he may proceed to recover the interest of the bankrupt in such property, whether any creditor was in a position to attack the transfer or not.

In Bankruptcy.

*Austin G. Fox,* for plaintiff.

*Abbott Brothers,* for defendants.

WALLACE, D. J. Separate demurrers are interposed by the defendants Matthews and wife, and the defendant Murchison, to the bill of complaint. The complainant is the assignee in bankruptcy of Matthews, and the bill is framed with the object of reaching the interest

of the bankrupt in certain mortgage bonds of the Carolina Central Railroad Company, which were transferred by the bankrupt to his wife, as is alleged, in fraud of creditors, and which were thereafter pledged to several of the parties defendant, including Murchison, as collateral to loans to Mrs. Matthews. As the bill does not allege that the transfers from Matthews to his wife were in contravention of the bankrupt act, but proceeds upon the theory that they were fraudulent as to creditors, and omits to aver that any creditors of Matthews ever obtained a judgment, or were in a position to assert a lien upon the property transferred or a right to have the property applied to satisfy any lien they might perfect, the point is taken that the assignee cannot maintain the action. If the assignee has no other right to follow the property than was possessed by Matthews' creditors at the time of the bankruptcy proceeding, this position is undoubtedly correct, because it is clear that creditors at large cannot assail a fraudulent transfer of property by their debtor; they must put themselves in a position to perfect a lien therein by a judgment and execution, so as to subject the property to the satisfaction of the lien when the obstacle of the fraudulent transfer is removed. But the difficulty with this position is that the bankrupt act vests the assignee with the title of all property conveyed by the bankrupt in fraud of creditors, and the assignee acquires his rights by the act itself, and not through what has been done by the creditors. By a statute of this state, also, an assignee or other trustee of the property of an individual may, for the benefit of creditors, disaffirm and treat as void all transfers in fraud of the rights of any creditor, (Laws 1858, *c.* 314,) and it has been decided that under this statute an assignee in bankruptcy may maintain an action at law to recover the proceeds of property so transferred. *Southard* v. *Benson,* 72 N. Y. 434. In that case the precise question involved here was discussed, and it was determined that under the bankrupt act property so transferred is vested in the assignee by the express terms of the act, and that he represents the creditors' rights without the technical obstructions to the enforcement of these rights by a creditor at large. The same conclusion was reached in the circuit court of this district by Judge Woodruff, in *Re Leland,* 10 Blatchf. 503. *Re Collins,* 12 Blatchf. 548, contains expressions indicating a different view. But in both these cases the transfer attacked was not alleged to be fraudulent, but was a chattel mortgage, which was void by statute as against creditors, because not filed as the law required. As was held in *Stewart* v. *Platt,* 101 U. S. 731, such a failure to file a chattel

mortgage could not be taken advantage of by the assignee, because it did not render the mortgage void as to creditors at large, but only to such creditors as had judgments; as between mortgagor and mortgagee it was a valid lien upon the property, and the assignee took the property subject to the lien. Where there is fraud the assignee can contest the lien on the title of the vendee, although the bankrupt could not. Where there is no fraud he cannot assail the transaction unless it contravenes the bankrupt act, but acquires simply the rights of the bankrupt. Numerous other authorities might be cited to sustain the position that an assignee may proceed to recover property transferred in fraud of creditors whether any creditor was in a position to attack the transfer or not, and that his title accrues by force of the act, and not through the rights of the creditor to assert the fraud. See authorities collected in *Re Duncan*, 14 N. B. R. 33.

The other objections to the bill presented by the demurrer are not meritorious. The action is not for an accounting, nor does it assail the title of Murchison as a pledgee of the bonds. The bill seeks to reach only the interest in the bonds which would belong to Mrs. Matthews if the transfer to her had not been fraudulent, and in this behalf asks a recovery of Murchison as to the amount due him as pledgee, and an account of the proceeds in case of a sale. A tender of the amount due to the pledgees was not prerequisite to the relief asked. The bonds pledged to Murchison are identified by the numbers, in connection with the general allegations of the bill, as part of those originally owned by Matthews.

The demurrer is overruled.