GEORGE D. PATTEN, Plaintiff, *v.* FRANCIS D. CARLEY and Others, Defendants, Impleaded with FRANCIS D. CARLEY & COMPANY, Appellant.

FERDINAND H. WISMER, Trustee in Bankruptcy of FRANCIS D. CARLEY, Respondent.

69    423
39 Mis¹667

*Substitution of a trustee in bankruptcy for the bankrupt, as plaintiff in a creditor's suit brought against the bankrupt and others.*

Where a judgment creditor brings an action against a judgment debtor and several other defendants, to obtain an adjudication declaring certain property to be the property of the judgment debtor, and to procure the appointment of a receiver of such property who shall pay the plaintiff's judgment from the proceeds thereof, and within two months after the commencement of the action the judgment debtor is adjudged to be a bankrupt, the court may, under subdivision b of section 67 of the Federal Bankruptcy Act, grant an order substituting the trustee in bankruptcy as the party plaintiff in the action — especially where the only party who complains of the order of substitution is a foreign corporation, which was made a party defendant solely because its name was used by the bankrupt in the various transactions alleged to have been conducted by him for the purpose of defrauding his creditors.

Subdivision b of section 11 of the Federal Bankruptcy Law, authorizing the bankruptcy court to order the trustee to enter an appearance and defend any pending suit against the bankrupt, and subdivision c of that section, providing that the trustee may, "with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him," have no application to the trustee's motion for a substitution.

APPEAL by the defendant, Francis D. Carley & Company, from an order of the Supreme Court, made at the Kings County Special

Term and entered in the office of the clerk of the county of Kings on the 31st day of October, 1901, substituting the respondent Ferdinand H. Wismer, as trustee in bankruptcy of Francis D. Carley, bankrupt, as the party plaintiff in this action in the place and stead of George D. Patten, the original plaintiff.

*Moses Weinman,* for the appellant.

*A. Gordon Murray,* for the respondent.

WILLARD BARTLETT, J.:

This is a judgment creditor's suit by George D. Patten against Francis D. Carley, Francis D. Carley & Company, Mary G. C. Carley and seven other defendants, composing the firm of Evarts, Choate & Beaman, to procure a judgment that certain notes, securities, claims and property in their hands should be declared to be the property of the judgment debtor Francis D. Carley, and, further, to procure the appointment of a receiver who should pay the plaintiff's judgment out of the proceeds of such property. The action was commenced on September 19, 1900. Within less than two months thereafter, on November 17, 1900, the judgment debtor, Francis D. Carley, was adjudicated a bankrupt. Ferdinand H. Wismer was subsequently elected trustee of the bankrupt estate, and upon his application an order has been made in the action, at Special Term, whereby he has been substituted as plaintiff in place of the original plaintiff, George D. Patten. From this order the present appeal is taken.

The appellant is described in the complaint as a foreign corporation created under the laws of the State of Delaware. It is a little difficult to perceive how any substantial right of such defendant is affected by the order appealed from, inasmuch as it can make little or no difference to such a defendant whether the action is prosecuted by Mr. Patten or by the trustee in bankruptcy; but assuming that the Delaware corporation has sufficient interest to enable it to review the order by appeal, I am satisfied that the order was properly made and should be affirmed.

The circumstances under which a trustee in bankruptcy may enforce such a claim as that asserted in the present suit are clearly set forth in the opinion of the United States Circuit Court of

Appeals, written by Circuit Judge WALLACE, in the *Matter of New York Economical Printing Co.* (110 Fed. Rep. 514, 518), where he says : "Subdivision ' b,' § 67 (Act of 1898), preserves for the benefit of the estate in bankruptcy a right which some particular creditor has been prevented from enforcing by the intervention of the debtor's bankruptcy. If a creditor, by an execution or a creditors' bill, has secured a legal or equitable lien upon the mortgaged property before the mortgagor has been adjudicated a bankrupt, under this provision his rights will or will not inure to the benefit of the estate, depending upon the time when the lien was acquired. If acquired more than four months before the commencement of the bankruptcy proceeding, his lien would inure to his own exclusive benefit; but, if acquired at any time within the four months, it would be null and void, under subdivision 'f'* of the section, except as preserved for the benefit of the estate as provided in that subdivision and in subdivision ' b.' "

The contention of the trustee in bankruptcy here is, that, inasmuch as any rights of George D. Patten, the original plaintiff in the judgment creditor's suit, were acquired within four months before the commencement of the bankruptcy proceeding, they can inure only to the benefit of the bankrupt estate. Section 67, subdivision b, of the Bankrupt Act of 1898 expressly provides that whenever a creditor is prevented from enforcing his rights as against a lien created or attempted to be created by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate. Under this provision, and the other provisions of the Bankrupt Act referred to by Judge WALLACE, the trustee seems authorized to prosecute the same action which Mr. Patten was entitled to prosecute to avoid the transfer attacked in the complaint. The original plaintiff does not complain of the order allowing him to do so, but, as has already been pointed out, the only objection comes from the Delaware corporation, which appears to have been brought into the suit solely because its name was used by the bankrupt in the various transactions alleged to have been conducted by him for the purpose and with the intent of cheating, hindering, delaying and defrauding his creditors.

* 30 United States Statutes at Large, 565.— [REP.

Section 11 of the Bankrupt Act provides, in subdivision c, that a trustee may, " with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him." Referring to this provision, the learned counsel for the appellant insists that no substitution could be made herein without the approval of the bankruptcy court. It will be observed, however, that the language quoted relates only to suits *commenced by the bankrupt.* The present action was not commenced by the bankrupt, but is a suit against him. There is another subdivision (b) in section 11 authorizing the bankruptcy court to order the trustee to enter his appearance and defend any pending suit against the bankrupt; but there is no question of defense here, the application being to substitute the trustee in bankruptcy as a plaintiff, and the order appealed from leaving the bankrupt still a defendant upon the record.

I think the order should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.