(39 Misc. Rep. 664.)

NINTH NAT. BANK OF CITY OF NEW YORK v. MOSES et al.

(Supreme Court, Special Term, New York County.   January, 1903.)

1. CREDITORS' BILL—BANKRUPTCY OF DEBTOR—PRIORITIES.
    A judgment creditor sued to set aside transfers by the judgment
    debtor firm, and conveyances of the firm property, and served the sum-
    mons on a partner more than four months before a petition in bank-
    ruptcy was filed by the firm.  *Held*, that he acquired an exclusive lien
    on all the choses in action and equitable assets of the firm, as against
    the trustee in bankruptcy of the firm.

Action by the Ninth National Bank of the City of New York against
Morris Moses and others.   Motion by Benjamin Barker, Jr., trustee
in bankruptcy of Lesser Bros., to be substituted as plaintiff.   Denied.

Johnson & Hess (Otto T. Hess, of counsel), for petitioner.
Rollins & Rollins (Nelson S. Spencer, of counsel), for plaintiff.

GILDERSLEEVE, J.   This is a motion on behalf of a trustee in
bankruptcy to have himself substituted as plaintiff in this action, which
is a judgment creditor's action to set aside certain transfers, con-
fessions of judgment, executions thereon, and conveyances of real
estate, made by the Lesser Bros., the judgment debtors, on October 2,
1896.   The facts appear to be substantially as follows, viz.:   On Oc-
tober 2, 1896, the defendants Tobias Lesser, Israel Lesser, and Simon
Lesser, then doing business as copartners under the name of Lesser
Bros., confessed a number of judgments, upon which executions were
issued, made a number of assignments of book accounts, and of the
money due or to become due to Lesser Bros. thereon, and executed
and delivered deeds of certain pieces of real property.   Thereafter, and
on the same day, Tobias Lesser and Israel Lesser brought an action
against Simon Lesser for a receivership of the copartnership property
of Lesser Bros., which action was not defended; and on November 13,
1896, judgment was entered in favor of the plaintiffs in said action, and
the defendants Moses and Franklin were appointed and qualified as
permanent receivers.   On May 12, 1899, the Lesser Bros. filed a pe-
tition in bankruptcy, and were duly adjudged bankrupts; and on
June 7, 1899, the petitioner herein, Mr. Benjamin Barker, Jr., was
duly appointed trustee of said bankrupts.   He duly qualified as such
trustee, and entered upon the discharge of his duties.   It appears that
by these judgments, assignments, transfers, conveyances, and the re-
ceivership aforesaid, Lesser Bros. disposed of the greater part of their
property, and the debts of the bankrupts amount to about $230,000
over and above their assets.   On February 23, 1900, the said trustee
brought an action to set aside the said judgments, assignments, trans-
fers, conveyances, and receivership; and on March 27, 1902, an inter-
locutory judgment was entered in favor of the trustee for the relief
demanded, except as to a small proportion of such judgments, trans-
fers, and conveyances.   By said interlocutory judgment a referee was
appointed to take and state the accounts of the several transferees and

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 289.

of the receivers. This proceeding is still pending before said referee, and the various transferees set up, as an objection to the entry of final judgment in said action, the fact that certain other judgment creditors' actions, including the case at bar, are pending, and that by reason thereof the said transferees cannot pay over the moneys and properties so transferred to them by Lesser Bros. as aforesaid to the trustee, for the reason that said judgment creditors, including the plaintiff in the case at bar, claim a lien on the assets in question by virtue of the commencement of their said actions.

A sharp dispute is raised as to whether or not the case at bar was commenced within four months previous to the filing of the petition in bankruptcy. The plaintiff claims it was not, while the trustee maintains that it was. The petition was filed, as we have seen, on May 12, 1899; and plaintiff claims that this action was commenced by the service of the summons on Simon Lesser on May 27, 1898, nearly a year previous to the filing of said petition. Subsequent to April 1, 1899, the other defendants have either been served with process, or have voluntarily appeared in the action. The cause of the delay in further proceeding with the action after the service of process on Simon Lesser was the desire of the plaintiff to await the result of another action involving the issues raised in the case at bar. In the cases of Roberts v. A. & W. S. R. R. Co., 25 Barb. 662, and Lynch v. Johnson, 48 N. Y. 33, it was held that, as soon as a judgment creditor's suit is commenced, the plaintiff in that suit obtains a lien on all the choses in action and equitable assets of the judgment debtor, and that all the title the judgment debtor has, or can assign to another, is subject to that lien.

In the case of First Natl. Bank v. Shuler, 153 N. Y. 171, 47 N. E. 264, 60 Am. St. Rep. 601, Chief Judge Andrews used the following language, viz.:

"The rule is well settled in this state that the plaintiff in a creditor's action acquires, by the commencement of the suit, a lien upon the choses in action and equitable assets of the debtor, which entitles him, in the successful event of the action, to priority of payment thereout in preference to other creditors, irrespective of the priority of the respective judgments."

Section 67f of the bankruptcy act [U. S. Comp. St. 1901, p. 3450] provides that:

"All levies, judgments, attachments, or other liens, obtained, through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect."

Section 67b of the same act provides that:

"Whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards

becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate."

In the case of Patten v. Carley, 69 App. Div. 425, 74 N. Y. Supp. 994, Mr. Justice Bartlett uses the following language, viz.:

"If [the creditor's lien is] acquired more than four months before the commencement of the bankruptcy proceeding, his lien would inure to his own exclusive benefit; but, if acquired at any time within the four months, it would be null and void, under subdivision 'f' of the section (Bankr. Act, § 67f), except as preserved for the benefit of the estate as provided in that subdivision and in subdivision 'b.'"

In Metcalf v. Barker (published in the New York Law Journal of Dec. 23, 1902) 23 Sup. Ct. 67, 47 L. Ed. ——, the Supreme Court of the United States held that where a judgment creditor's action was commenced more than four months prior to the filing of a petition in bankruptcy against the judgment debtor, who was subsequently adjudicated a bankrupt, the lien thus obtained on the bankrupt's equitable assets is superior to the title of a trustee in bankruptcy thereto, and the bankruptcy court was without jurisdiction to enjoin the judgment creditor from enforcing a judgment obtained in his equity action.

From the foregoing authorities, it is evident that the question to be here determined is whether or not the case at bar was commenced more than four months prior to the filing of the petition in bankruptcy. The Code, in section 416, provides that "a civil action is commenced by the service of a summons." In the case at bar, as we have seen, the summons was served on May 27, 1898, on Simon Lesser, one of the judgment debtors. We have also seen that the judgment debtors were copartners in business, and the property sought to be recovered is conceded to be wholly copartnership property. In a judgment creditor's action, the judgment debtor may be said to be the principal party defendant. I am of the opinion that the service of the summons on Simon Lesser, under the circumstances of this case, was a commencement of the action. It therefore follows that the lien of the plaintiff, as a judgment creditor, on the equitable assets of the judgment debtors, the bankrupts aforesaid, is superior to the title thereto of the trustee in bankruptcy. Metcalf v. Barker, supra.

The plaintiff's counsel raises an additional point by claiming that, even if the suit had been commenced within the four months, the trustee would not be vested with the lien, or entitled to enforce it in this action. It is not necessary, however, to enter into a discussion of that branch of the case, in view of the conclusion already reached, as above indicated. The motion is denied, without costs.

Motion denied, without costs.