## THOMAS v. RODDY et al.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. BANKRUPTCY—ASSIGNMENTS—CONSTRUCTIVE FRAUD.

A transfer of property, made by a bankrupt within four months prior to the filing of a bankruptcy petition against him, is a constructive fraud on Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], in that it interferes with the control of the bankrupt's property by the court of bankruptcy, and prevents the due operation of the act.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 261–263.]

2. SAME—PRESUMPTION OF FRAUD—BANKRUPT'S INTENT.

Under Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], avoiding transfers made within four months prior to the filing of a petition in bankruptcy, and vesting title to such property in the bankrupt's trustee for the benefit of creditors, transfers within such section are presumed to be fraudulent, regardless of the bankrupt's purpose or intent in making them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 252.]

3. SAME—PROPERTY FRAUDULENTLY TRANSFERRED—RIGHT OF TRUSTEE.

Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], avoids transfers made within four months prior to the filing of a petition in bankruptcy, and transfers title to the property to the bankrupt's trustee. Section 70 (30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), however, provides·that the trustee shall be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt to all property transferred by him in fraud of his creditors, and authorizes the trustee to avoid any transfer which any creditor of the bankrupt might have avoided, and recover the property so transferred or its value, unless the transferee is a bona fide holder for value prior to the filing of the bankruptcy petition. *Held*, that the right of the trustee to all property of a bankrupt transferred by him in fraud of creditors is not restricted by section 67e to property transferred within the four-month period, but that the trustee is entitled to avoid any fraudulent conveyance which any creditor could avoid, and may recover any property which the creditor might acquire by any process taken by him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 222.]

4. SAME.

Under Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], vesting a bankrupt's trustee with title to all property of the bankrupt transferred in fraud of creditors, and authorizing the trustee to avoid any transfer which any creditor of the bankrupt might have avoided, etc., a trustee may sue to set aside a fraudulent conveyance made by a bankrupt more than four months prior to the filing of a bankruptcy petition, without showing that some creditor of the bankrupt between the disposition of the property and the filing of the petition in bankruptcy had placed himself in a position to attack the fraudulent transfers by obtaining a judgment and issuing an execution and having the same returned unsatisfied.

5. SAME—RIGHTS OF CREDITORS—EFFECT.

The fact that creditors of a bankrupt had acquired a lien on property fraudulently transferred more than four months prior to the filing of the bankruptcy petition, and were entitled to sue notwithstanding the bankruptcy proceedings to set aside such fraudulent conveyance, did not deprive the bankrupt's trustee from maintaining a similar suit, especially where such creditors had not sued, and did not object to the proceedings by the trustee to which they were made parties defendant.

Scott, J., dissenting.

Appeal from Trial Term.

Action by Samuel B. Thomas, as trustee in bankruptcy of John S. Roddy, deceased, against John M. Roddy and others. From a judgment dismissing the complaint, and from an order denying a motion to set aside such dismissal, plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Joseph M. Williams, for appellant.
Edward Russell, for respondents.

McLAUGHLIN, J.  This action was brought by a trustee in bankruptcy to set aside certain transfers of property alleged to have been made by the bankrupt in fraud of creditors.  The complaint alleges, in substance, the bankruptcy proceedings commenced in October, 1904; the discharge of the bankrupt, John S. Roddy, now deceased, in December of the same year; the appointment of the plaintiff as trustee in October, 1906; deficiency judgments recovered against Roddy in March, 1901, in two actions in favor of two of the present defendants, which judgments remain unsatisfied with the exception of a small sum paid on one of them; Roddy's conveyance in December, 1900—during the pendency of these two actions and while he was insolvent—of certain property, which is described, for the purpose and with the intent of defrauding his creditors, which fact was known to the grantees; the recovery of another judgment against Roddy, in favor of Sullivan, another defendant in this action, in August, 1903, which remains wholly unpaid; that Sullivan did not file proof of claim or appear in the bankruptcy proceeding, and had no notice or knowledge thereof; that there are debts of said bankrupt proved and unpaid amounting to upwards of $3,000 above all assets which have come into the hands of the trustee, and that the debts of the bankrupt, as stated in the schedules, amount to $4,000, above his assets, all or most of which indebtedness was incurred prior to December 17, 1900, the date of the alleged fraudulent conveyances.  The judgment demanded is that the conveyances in question be declared void, the plaintiff be authorized to sell the real estate conveyed, and that an accounting be had of the rents, issues, and profits derived therefrom.  At the opening of the trial, and before any testimony had been offered, the attorney for the representatives of the bankrupt, and certain other defendants, moved to dismiss the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action.  The motion was granted, and the plaintiff appeals from the judgment and order denying a motion to set aside the dismissal.

The dismissal of the complaint, as appears from the opinion of the learned justice who presided at the trial, was put upon the ground that the lien of the judgments set forth in the complaint survived the discharge in bankruptcy by virtue of the provisions of section 1268 of the Code of Civil Procedure, and that such judgment creditors are now in a position to enforce their judgments, either by a sale of the land, or by bringing an action in equity to have the transfers in question declared void; but that this right does not vest in the plaintiff—the trustee in bankruptcy—citing Hillyer v. Le Roy, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919.

I am of the opinion that the court erred in dismissing the complaint, and that the reasons assigned are wholly inapplicable to the facts pleaded.  Whether the complaint states a cause of action, of course, depends upon the construction to be put upon certain provisions of the bankruptcy act of July 1, 1898 (30 Stat. 544, c. 541 [U. S. Comp. St. 1901, p. 3418]).  Under the act, an assignment or transfer of property, if made within four months prior to the filing of the petition, is a constructive fraud upon the bankruptcy act, in that it interferes with the

control of the debtor's estate by the court in bankruptcy, and prevents
the due operation of the act itself. Matter of Gutwillig (D. C.) 90 Fed.
475; West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098.
It is provided in section 67e of the act that all conveyances, transfers,
and assignments made within four months by a person so adjudged a
bankrupt with intent to hinder, delay, and defraud creditors shall be
null and void as against such creditors, except as to purchasers in
good faith for a present fair consideration, and that the property so
conveyed, transferred, or assigned shall be and remain a part of the
assets and estate of the bankrupt, and shall pass to his trustee, whose
duty it shall be to recover the same by legal proceedings or otherwise
for the benefit of all the creditors. It matters not under this section,
if the transfers were made within four months, what the purpose or in-
tent of the assignor was. The transfers are presumed to be fraudulent,
and can be set aside. It is quite apparent, therefore, that the complaint
does not state a cause of action under section 67e, because none of the
transfers sought to be attacked were made within four months of the
time the petition in bankruptcy was filed; the allegation of the com-
plaint being:

"That the debts of said bankrupt, as stated in the schedules, amount to
$4,000 over and above his assets, all of which indebtedness, or the greater
part of which, was incurred prior to the 17th day of December, 1900."

If the plaintiff, therefore, can set aside these transfers, it must be
under some other section, and this I think he can do under section 70,
which provides:

"(a) The Trustee of the estate of a bankrupt, upon his appointment and
qualification, and his successor or successors * * * shall in turn be vest-
ed by operation of law with the title of the bankrupt as of the date he was
adjudged a bankrupt * * * to all * * * (4) Property transferred by
him in fraud of his creditors. * * * (e) The trustee may avoid any trans-
fer of the bankrupt of his property which any creditor of such bankrupt
might have avoided and may recover the property so transferred, or its value,
from the person to whom it was transferred, unless he was a bona fide hold-
er for value prior to the date of the adjudication. * * * "

The trustee, by this provision of the act, is invested with the title
of all property of the bankrupt transferred by him in fraud of cred-
itors, unless his right in this respect is restricted, which I do not
believe it is, by subdivision "e." The policy of the act is to secure
an equal distribution of all property of the bankrupt among all his
creditors. For that purpose, the trustee represents all the creditors,
and may maintain an action to set aside any transfer which any cred-
itor could or which any creditor might acquire by any process taken
by him. In re McNamara, 2 Am. Bankr. Rep. 566; Mueller v.
Bruss, 8 Am. Bankr. Rep. 442, 112 Wis. 406, 88 N. W. 229; Shel-
don v. Parker, 11 Am. Bankr. Rep. 152, 66 Neb. 610, 92 N. W.
923; Beasley v. Coggins, 12 Am. Bankr. Rep. 355, 48 Fla. 215, 37
South. 213. Under the bankruptcy act of March 2, 1867 (14 Stat.
517, c. 176), which contained a provision to the effect that title to
property fraudulently transferred vested in the trustee, it was held
that the trustee could maintain an action to set aside such transfers,
whether any individual creditor could have done so or not. Platt v.

Matthews (D. C.) 10 Fed. 280; In re Leland, 10 Blatchf. ·(U. S.) 503, Fed. Cas. No. 8,234. Judge Wallace, who delivered the opinion in the Matthews Case, concluded by saying:

"Numerous other authorities might be cited to sustain the position that an assignee may proceed to recover property transferred in fraud of creditors whether any creditor was in a position to attack the transfer or not, and that his title accrues by force of the act, and not through the rights of the creditor to assert the fraud."

The same view was entertained by the Court of Appeals in Southard v. Benner, 72 N. Y. 424. ° There the court had under consideration the construction to be put upon chapter 314, p. 506, Laws 1858, in connection with the bankruptcy act of 1867. The provisions of that act are somewhat similar to the one under consideration, in so far as relates to the maintenance of an action by a trustee, irrespective of the rights of individual creditors. The court, speaking through Judge Allen, said:

"Upon sound reason and the policy of the law, as well as the authorities quoted and others that might be referred to, there can be no doubt, we think, that the plaintiff as assignee has a right of action for property conveyed by the bankrupt in fraud of his creditors, although none of the creditors has acquired a specific lien. It is not such liens, or any particular interest in the property, or an interest for the benefit of any one creditor or class of creditors, that is vested in the assignee, but the entire property fraudulently transferred and for the benefit of all the creditors. The assignee takes title, not under any claim of right existing in the creditors, but· under the statute, and that right he may assert by action, although no individual creditor, or all the creditors combined, could have a standing in court to challenge the conveyance."

Therefore it seems to me, even though it be held, as contended, that the complaint does not show that any of the creditors whose claims were filed in the bankruptcy proceedings were in a position to attack the transfers, nevertheless the trustee may do so. This must be so if the reasoning in the authorities cited be sound. To hold that a trustee cannot attack a fraudulent conveyance made by the bankrupt more than four months before the filing of the petition, without showing that some creditor had obtained a judgment and issued execution thereon, so that he could maintain a similar action, would be simply to provide an easy and convenient method for a dishonest debtor to dispose of his property. In that case, the debtor could fraudulently dispose of all his property more than four months before bankruptcy proceedings were instituted, and, unless some creditor— intermediate the disposition of the property and the filing of the petition in bankruptcy—had put himself in position to attack the fraudulent transfers by obtaining a judgment, issuing an execution and having the same returned unsatisfied, the trustee would be powerless to reach the property fraudulently disposed of.

But I think the complaint under consideration shows, or facts are stated from which an inference may be fairly drawn, that at least two of the creditors of the bankrupt who were in a position to attack the transfers at the time the petition was filed did file their claims in the bankruptcy court. Indeed, it is not claimed by counsel for the respondent but what such fact is to be inferred from the complaint,

because he states in his brief used upon the argument of the appeal that two of the judgments were proved in the bankruptcy proceeding. What he claims under the authority of Hillyer v. Le Roy, supra, is that, because these two judgment creditors had a right to attack the transfers, that deprived the trustee in bankruptcy of such right. In Hillyer v. Le Roy, supra, the plaintiffs, as judgment creditors, brought an action to set aside certain transfers alleged to have been made in fraud of creditors. After the commencement of the action, the firm was adjudged bankrupt, and discharged in bankruptcy proceedings. In a supplemental answer, this discharge was alleged as a bar to the action. All that the court held in affirming the judgment in favor of the plaintiffs, as I understand the opinion, was that they had acquired a lien by virtue of their judgment and the commencement of the action, which was not within the operation of the bankruptcy act, and they were at liberty to pursue any remedy they had for the enforcement of the lien, unfettered by the bankruptcy adjudication, and that the right to maintain an action to enforce the lien did not vest in the trustee in bankruptcy. Obviously this must be so, but it falls far short of holding that the trustee, even though certain creditors might have maintained the action, is deprived of doing so himself, and especially when such creditors have not commenced an action to enforce their lien, are made parties defendant to the one commenced by the trustee, and do not object to his proceeding. Patten v. Carley, 69 App. Div. 423, 74 N. Y. Supp. 993. The fact that a creditor has reduced his claim to judgment, which gives him a lien upon the bankrupt's property, does not prevent, if he sees fit to do so, his filing his claim in the bankruptcy proceeding. He is not obliged to embark in litigation for the purpose of enforcing his lien. He may waive that right, and take his chances with all the other creditors, and, if he does so, then the trustee is just as much obligated to bring an action to set aside a fraudulent transfer so far as he is concerned as he is as to the other creditors. The trustee represents all the creditors. His action is for the benefit of them all, but it is not necessary that all or any of them should be in a position to attack the transfers, or that the transfers should be fraudulent as to all. If fraudulent as to any, that is sufficient.

The judgment and order appealed from therefore must be reversed, and a new trial ordered, with costs to appellant to abide event.

PATTERSON, P. J., and INGRAHAM and HOUGHTON, JJ., concur. SCOTT, J., dissents.