POST v. BERRY.

(Circuit Court of Appeals, Eighth Circuit. January 14, 1910.)

No. 3,128

1. BANKRUPTCY (§ 184*)—VALIDITY OF CHATTEL MORTGAGE—FAILURE TO RE-CORD.

Where a chattel mortgage on the stock of merchandise of a bankrupt was withheld from record by the mortgagee, persons extending credit to the mortgagor between the time of the giving and the recording of the mortgage will be presumed to have done so on the faith of an unincumbered title as disclosed by the record, and as to them the mortgage is void.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 314*)—CREDITORS ENTITLED TO PROVE CLAIMS—HOLDER OF INVALID MORTGAGE.

A mortgagee of a bankrupt, whose debt is bona fide. is entitled to prove the same as a general creditor, although his mortgage is invalid as against other creditors because of his failure to record the same.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

Appeal from the District Court of the United States for the Southern District of Iowa.

Suit in equity by August Post, trustee in bankruptcy of Henry Heartfield, against W. F. Berry. Decree for defendant, and complainant appeals. Reversed.

Charles F. Maxwell (J. Carskaddan and I. S. Pepper, on the brief), for appellant.

T. M. Fee and T. G. Fee, for appellee.

Before ADAMS, Circuit Judge, and RINER and W. H. MUNGER, District Judges.

PER CURIAM. Henry Heartfield was in the general mercantile business at Moulton, Appanoose county, Iowa, having a general merchandise stock of $5,000 in 1905, which was subsequently increased by purchases to about $13,000. In March, 1908, he made an assignment under the state law for the benefit of his creditors. In April, 1908, he

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was duly adjudicated a bankrupt. In November, 1905, he borrowed of W. F. Berry the sum of $2,200, and secured the same by a chattel mortgage upon his stock of general merchandise and in January, 1906, he borrowed of Berry an additional sum of $536, which was secured by a second mortgage upon his stock of merchandise. Neither of the mortgages were recorded until February 28, 1908. All the creditors of the bankrupt extended their credit subsequent to the date of the giving of the mortgages and prior to their having been filed for record. Two questions are presented at this hearing for consideration. First. Are the mortgages void as against the creditors? Second. If such mortgages are void, is the defendant Berry entitled to prove his claim for the moneys thus loaned and share in the assets of the bankrupt estate with the other creditors?

The first question was fully discussed and decided by this court in Re George Bothe (C. C. A.) 173 Fed. 597. That case controls and rules this. Any and all creditors of the bankrupt who extended credit to him between the dates of the giving of the mortgages and their filing for record have an equity superior to the mortgagee whose conduct invited them to trust the mortgagor. All persons so extending credit between these dates will be presumed to have done so on the faith of an unincumbered title as disclosed by the record.

We perceive no reason why Berry is not entitled to prove his claim as a general creditor and share with the other creditors in the estate. That he is a bona fide creditor by reason of loaning the money to the bankrupt is unquestioned. The fact that the mortgages securing the same are invalid in no way affects the validity of his claims secured by the mortgages.

The decree of the court below is reversed, with directions to proceed in conformity with this opinion.