(76 South. 320)

BARRETT et al. v. KAIGLER.    (4 Div. 724.)

(Supreme Court of Alabama.   June 14, 1917.)

1. BANKRUPTCY ⬥⟿185—TITLE OF TRUSTEE—FRAUDULENT CONVEYANCES.

Under Bankruptcy Act July 1, 1898, c. 541, § 70, subd. 4, 30 Stat. 565 (U. S. Comp. St. 1916, § 9654), vesting in the trustee in bankruptcy the title which the bankrupt had in property transferred by him in fraud of creditors, the trustee takes the title and also the right of action of the creditors, and he may assail the fraudulent conveyance to the same extent as the creditor, as though the debtor had not been declared bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 235, 273.]

2. BANKRUPTCY ⬥⟿142—TITLE OF TRUSTEE—FRAUDULENT CONVEYANCES.

Such rule applies to all property transferred by the bankrupt at any time in fraud of creditors existing at the time of the bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 222.]

3. BANKRUPTCY ⬥⟿250(1)—TITLE OF TRUSTEE—DUTIES OF TRUSTEE.

Under Bankruptcy Act, § 70, subd. 4, it is the duty of the trustee to reduce to possession all of the property of the bankrupt subject to the payment of debts for distribution among the unsecured class.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 235, 350.]

4. BANKRUPTCY ⬥⟿302(1) — FRAUDULENT CONVEYANCES—ACTIONS—PLEADING.

In a bill by a trustee in bankruptcy to reduce to possession property fraudulently transferred, there is no necessity to aver the names of the several simple contract creditors represented by the trustee, or the amount due each, or to aver which creditors were unsecured.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 456.]

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by H. M. Kaigler, as trustee in bankruptcy, against Mary Barrett and another. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The following are the grounds of demurrer insisted upon: (2) Failure to aver whether the creditors represented by the trustee are secured or unsecured creditors. (3) Failure to name the creditors represented by him, and the amounts due each one, and whether they are secured or unsecured. (4) The complaint avers that one of the creditors was owed considerable money by notes, secured and unsecured, and that represents all of the creditors, and respondent says that complainant has no right to file a bill of this character for a secured creditor.

McDowell & McDowell, of Eufaula, for appellants.   A. H. Merrill & Sons, of Eufaula, for appellee.

THOMAS, J.   The bill is filed by a trustee in bankruptcy, to set aside a conveyance of certain property alleged to have been transferred by the bankrupt in fraud of his creditors.   The bill avers the bankruptcy of one Barrett, and the appointment of complainant as trustee of the bankrupt estate, by the District Court having jurisdiction thereof.   It is by the bill further averred that in the summer of 1914 said Barrett "became and was insolvent; that he owed large amounts of money, consisting of open accounts, to various wholesale grocers, which debts were due at the time of filing the bill, to wit, the Interstate Grocery Company * * * and the Eufaula Grocery Company, * * * and various other concerns of similar kind, * * * and that he owed them by open accounts and also by notes, and * * * owed banks considerable money by notes secured and unsecured; that the assets of said Barrett were greatly less in value than his liabilities"; that he was and remained insolvent from the summer of 1914 to the filing of his petition in bankruptcy on the 1st day of November, 1915.   The bill further avers "that on the 7th day of November, 1914, when and at the time said S. H. Barrett was an insolvent; and since said time he has continued to be insolvent as aforesaid, he * * * being the owner of the following described real estate, * * *" executed a deed to the same to his wife, Mary Barrett, for the purpose of hindering, delaying, and defrauding grantor's creditors.   The recited consideration of this conveyance was:

"That I, S. H. Barrett, having purchased a house and lot, in the city of Eufaula, Alabama, hereinafter described, with money that was the property of my wife, Mary Barrett; and whereas, the deed for said property originally made in my name; and whereas, I desire to convey the property to my said wife, she having furnished the money that paid for said property: Therefore I, S. H. Barrett, for and in consideration of the premises, and for the further consideration of the natural love and affection I have for my beloved wife, Mary Barrett, and the further consideration of one hundred dollars cash in hand paid by the said Mary Barrett," etc.

It is alleged that this consideration was false and fictitious and simulated, and that said conveyance was voluntary and fraudulent and without a valuable consideration. Appellant S. H. Barrett demurred to the bill, and his demurrer was by the court overruled. The error here complained of, and assigned particularly, was the failure of the court to sustain the second, third, and fourth grounds of demurrer.

Under the Bankruptcy Act (section 70) it is provided:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights, and trade marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the

filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." U. S. Comp. St. 1916, § 9654.

See Collier on Bankruptcy (10th Ed.) p. 987.

[1] By subdivision 4 of section 70 of said act, property transferred by the bankrupt in fraud of his creditors passes to his trustee. This is the converse of the doctrine that such trustees take title subject to equities; they take title to the property which the bankrupt has fraudulently transferred, and in which the creditors have the equities. Cowan v. Burchfield (D. C. Ala.) 180 Fed. 614; English v. Ross (D. C.) 140 Fed. 630; In re Holbrook Shoe & Leather Co. (D. C.) 165 Fed. 973; Mueller v. Bruss, 112 Wis. 406, 88 N. W. 229, 8 Am. Bankr. R. 442; Beasley v. Coggins, 48 Fla. 215, 37 South. 213, 5 Ann. Cas. 801, 12 Am. Bankr. R. 355; In re McNamara, 2 Am. Bankr. R. 566; In re Legg (In re Yukon Woolen Co.) (D. C.) 96 Fed. 326, 2 Am. Bankr. R. 805; Sheldon v. Parker, 66 Neb. 610, 92 N. W. 923, 95 N. W. 1015, 11 Am. Bankr. R. 152. Thus the trustee is vested, not only with the title of the property, but also with the creditors' right of action with respect to the property of the bankrupt theretofore conveyed by him in fraud of such creditors; and the trustee may assail such transfers or conveyances to the same extent as the creditor, as though the debtor had not been declared a bankrupt. In re Rodgers, 125 Fed. 169, 60 C. C. A. 567; In re Butterwick (D. C.) 131 Fed. 371; Thomas v. Roddy et al. 122 App. Div. 851, 107 N. Y. Supp. 473, 476.

That a trustee in bankruptcy may sue to set aside a fraudulent conveyance made by the bankrupt more than four months prior to the filing of the bankruptcy petition, "without showing that some creditor of the bankrupt between the disposition of the property and the filing of the petition in bankruptcy had placed himself in position to attack the fraudulent transfer by obtaining a judgment and issuing execution and having the same returned unsatisfied," has been declared to be the right of the trustee vested with the title under section 70, 30 Stat. 565 (U. S. Comp. St. 1916, § 9654). Thomas v. Roddy, supra; Platt v. Matthews (D. C.) 10 Fed. 280; In re Leland, 10 Blatchf. (U. S.) 503, Fed. Cas. No. 8, 234; Southard v. Benner, 72 N. Y. 424. This is because the policy of the act is the equal distribution of all the property of the bankrupt among all his creditors entitled thereto. For this purpose the trustee represents all such creditors, and may maintain a bill to set aside a fraudulent transfer, just as any one of such creditors could have done, or just as any creditor could do thereafter in virtue of a right acquired by any process that may be taken by him.

[2] It is obvious that this provision applies to all property transferred by the bankrupt at any time, in fraud of creditors existing at the time of the bankruptcy. In re Kohler, 159 Fed. 871, 87 C. C. A. 51; In re Bowlus v. Shanabarger, 19 Ohio Cir. Ct. R. 137; In re Gray, 47 App. Div. 554, 62 N. Y. Supp. 618; Peterson v. Mettler, (D. C.) 198 Fed. 938, 29 Am. Bankr. R. 158. Such property, fraudulently conveyed, remains a part of the estate of the bankrupt and passes to his trustee, and it is the trustee's duty to recover the same for the benefit of the creditors. Collier on Bankruptcy (10th Ed.) 953. The case of Cowan v. Staggs, 178 Ala. 144, 59 South. 153, is not in conflict with this view. There the suit, which was by a creditor who had acquired a lien on the property, was to have the trustee in bankruptcy, as the creditors' representative, to sue to annul the conveyance under section 3383 of the Code of 1907. Such was the case in Sparks v. Weatherly, 176 Ala. 324, 58 South. 280. The bill avers that there were unsecured creditors whose claims were existent at the time of the conveyance and had matured before the filing of the bill.

[3, 4] It is the fraudulent conduct of the debtor which, under this statute, confers the right on a simple contract creditor to secure relief in a court of chancery. Builders' & Painters' Supply Co. et al. v. First National Bank, 123 Ala. 203, 26 South. 311; Code, § 4293. It is the duty of the trustee to reduce to possession all of the property of the bankrupt subject to the payment of debts, for distribution among this unsecured class. In the discharge of this duty, the trustee seeks to establish his right, under section 70 of the Bankruptcy Act, to set aside the fraudulent conveyance, to reduce to possession the property fraudulently conveyed and to subject it to the payment of the debts to which it may be liable. In such a bill there is no necessity to aver the names of the several simple contract creditors represented by the trustee, or the amount due each, nor to aver which creditors were unsecured. It is sufficient that at the time of the conveyance and of the bankruptcy there existed unsecured creditors with matured claims.

The demurrer was properly overruled, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.