(39 Misc. Rep. 261.)

### SKILLEN v. ENDELMAN et al.

(Supreme Court, Special Term, New York County. November, 1902.)

1. CHATTEL MORTGAGE—SALES BY MORTGAGOR—BANKRUPTCY—BONA FIDE HOLDER.

Where a mortgagor is selling the mortgaged chattels for his own use with the consent of the mortgagee, the latter is not a bona fide holder of the mortgage, within Bankr. Law 1898, § 70e [U. S. Comp. St. 1901, p. 3452], and the trustee in bankruptcy may have the mortgage set aside as fraudulent under such section.

2. SALES—DELIVERY—CHANGE OF POSSESSION.

An insolvent remained in possession of his personalty until his bankruptcy, after having made, as alleged, certain unexplained transfers five months before the bankruptcy. Held that, under Personal Property Law (Laws 1897, c. 417) § 25, providing that every sale of goods in the possession of the vendor not accompanied by immediate delivery and change of possession shall be presumed fraudulent as to creditors, such transfers will be deemed conclusively fraudulent, and may be avoided by the trustee in bankruptcy.

3. BANKRUPTCY—ACTION BY TRUSTEE—PARTIES.

In an action by a trustee in bankruptcy to set aside certain transfers as fraudulent, a fraudulent transferee who has transferred the property to another fraudulent transferee is not a necessary party.

Action by Augustus H. Skillen, trustee in bankruptcy of Abraham Endelman, against Abraham Endelman and others, to set aside a chattel mortgage and certain transfers of personal property. Judgment for plaintiff.

T. T. Baylor, for plaintiff.

Abraham B. Schleimer, for defendants.

GILDERSLEEVE, J. The action is brought by the trustee in bankruptcy of the defendant Endelman to set aside (1) a chattel mortgage on certain personal property, situated in the place of business of the said Endelman, which mortgage was made by said Endelman in favor of the defendant Cooper, and was dated and executed on July 10, 1901, but was not filed until November 13, 1901; and (2) two transfers of the same property, one of which is alleged to have been made by said Endelman to the defendant Mrs. Cohen, and the other of which is alleged to have been made by Mrs. Cohen to the defendant Tiger. In both cases the property is alleged to have been transferred subject to the said mortgage made by Endelman in favor of Cooper, and both of these transfers are claimed to have been made in July, 1901. The property, however, remained in the possession and under the control of the said Endelman up to the time of his filing a petition in bankruptcy, in the latter part of December, 1901. Previous to the filing of the mortgage the claims of many of the unpaid creditors of Endelman matured, and some of these claims have been put into judgment. One, at least, of the creditors obtained judgment before the date of the filing of the said chattel mortgage.

Chapter 248 of the Laws of 1900 provides as follows, viz.:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, * * * which is not accompanied by an immediate delivery,

and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article."

Conceding that the creditors of Endelman could have maintained an action to have the said mortgage declared void as to them, does it follow that the trustee in bankruptcy of said Endelman can maintain this action to set aside the mortgage for the benefit of the estate of which he is trustee?

Section 70, subd. e, of the bankruptcy act [U. S. Comp. St. 1901, p. 3452], provides that:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value."

Under the bankruptcy act, the word "transfer" includes mortgages. Section 1, subd. 25 [U. S. Comp. St. 1901, p. 3420].

From the wording of the above statutes, it would seem that, although the creditor might have maintained the action irrespective of any fraud, the trustee can only maintain the action against a fraudulent holder.

However, aside from the question raised by the neglect to file the mortgage until long after its execution, the plaintiff's counsel points out that the mortgage was illegal and void for another reason. The mortgage shows that it was given in part on stock on hand, i. e., "all stock and lumber contained in the above-mentioned place," while the cross-examination of Cooper shows that he knew this, and was aware of the fact that the stock was being sold out, and that Endelman received the money, but did not give it to Cooper, and that Cooper did not demand such money, and consented to the said actions of Endelman.

Where there is an agreement or understanding between the parties, at the time of the execution of a chattel mortgage, that the mortgagor may sell or dispose of the mortgaged property, or any portion thereof, for his own use, the mortgage is void as to the creditors of the mortgagor; and this agreement or understanding may be proved by parol, or may be inferred from the fact that the mortgagee permits the sale to be made. See Hangen v! Hachemeister, 114. N. Y. 566, 21 N. E. 1046, 5 L. R. A. 137, 11 Am. St. Rep. 691. Such an agreement or understanding constitutes a fraud in law as against the creditors of the mortgagor. See Southard v. Benner, 72 N. Y. 424. A mortgage of chattels, which is fraudulent and void as to a part of the chattels covered by it, is void as to the whole. See Russell v. Winne, 37 N. Y. 591, 97 Am. Dec. 755. Thus the plaintiff claims we have the question of fraud raised, and the defendant Cooper cannot be held to be a bona fide holder.

Moreover, section 67a of the bankruptcy law [U. S. Comp. St. 1901, p. 3449] provides that "claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt, shall not be liens against his estate." And

the same section, in subdivision "b," provides that "whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate."

Although Cooper swore that his transactions with Endelman were bona fide, and produced checks to show the sums of money that he had paid to said Endelman, he admitted that he was a professional money lender and took notes from Endelman, and acknowledged, as we have seen, that he knew of Endelman's sales of the mortgaged property and consented to the same. In view of these facts and of the authorities above quoted, I am of the opinion that Cooper must be held not to be "a bona fide holder," within the meaning of section 70e of the bankruptcy act [U. S. Comp. St. 1901, p. 3452], above quoted, and that the plaintiff, as trustee, may maintain the action to set aside the chattel mortgage as fraudulent and void, and is entitled to judgment as against the defendant Cooper, setting aside the said chattel mortgage from Endelman to Cooper.

So far as the transfers from Endelman to Cohen and from Cohen to Tiger are concerned, a different and less intricate aspect is presented. As we have seen, the transfers were alleged to have been made in July, 1901, but Endelman retained possession and control of the property until he went into bankruptcy in December, 1901. Section 25 of the personal property law (Laws 1897, c. 417) provides that:

"Every sale of goods and chattels in the possession or under the control of the vendor, * * * unless accompanied by an immediate delivery, followed by actual and continued change of possession, is presumed to be fraudulent and void as against all persons who are creditors of the vendor or person making the sale or assignment, including all persons who are his creditors at any time while such goods or chattels remain in his possession or under his control or subsequent purchasers of such goods and chattels in good faith; and is conclusive evidence of such fraud, unless it appear, on the part of the person claiming, under the sale or assignment, that it was made in good faith, and without intent to defraud such creditors or purchasers."

As we have seen, section 70e of the bankruptcy act [U. S. Comp. St. 1901, p. 3452] clearly allows the trustee to maintain the action, to avoid a transfer, against one who is not a holder in good faith, and the trustee is not confined to transfers made within the four months antedating bankruptcy in cases of fraud. See Collier, Bankr. 464; In re Gray, 47 App. Div. 554, 62 N. Y. Supp. 618.

On the trial neither Endelman nor Cohen nor Tiger was called as a witness, and no evidence was offered to meet the presumption of fraud created by the statute. It therefore follows, under the provisions of the statute, that the lack of delivery and of change of possession of the property became "conclusive evidence of the fraud."

The defendant raises the point that Mrs. Cohen was not served with process, and that the action cannot be determined without her. The plaintiff claims that she never existed. However this may be, I do not think that she was a necessary party to the action. Whatever title she got from Endelman she transmitted the same to Tiger. There is no pretense that she retained any of the property, inasmuch

as none of the property left the possession and control of Endelman himself, so far as either Cohen or Tiger is concerned. Both the fraudulent vendor, Endelman, and the fraudulent vendee, Tiger, have been served with process and have appeared in the action, although they took no part at the trial. There is no pretense that Mrs. Cohen in any way incumbered the property or exercised any rights whatever over the same. A fraudulent grantee or transferee, after he has conveyed or transferred all the property to another fraudulent grantee or transferee, is not a necessary party, although it is not improper to join him, but his grantee or transferee is a necessary party. See 5 Enc. Pl. & Prac. 543, and cases there cited. The plaintiff is entitled to judgment setting aside the transfers and chattel mortgage.

Judgment for plaintiff, setting aside transfers and chattel mortgage.