### In re TOOTHAKER BROS.

(District Court, D. Connecticut. February 12, 1904.)

#### No. 1381.

1. BANKRUPTCY—PETITION FOR REVOCATION OF DISCHARGE—SUFFICIENCY.

   A petition for the revocation of a discharge in bankruptcy need not allege the legal conclusion that the facts did not warrant a discharge where the facts are set out.

2. SAME.

   A petition by a creditor alleging that a voluntary bankrupt, for the purpose of defrauding his creditors, made an assignment of a chose in action to his wife without consideration, and omitted any mention of such asset from his schedules sufficiently shows that the bankrupt made a false oath to his schedule to require a revocation of his discharge if the allegation is proved, where, under the laws of the state, the assignment was ineffectual to convey the chose in action from his estate.

3. SAME—FRAUDULENT TRANSFERS—GIFTS.

   Creditors may attack a fraudulent transfer of property by a bankrupt to his wife as a gift, although made more than four months prior to the bankruptcy.

In Bankruptcy. On demurrer to petition for revocation of discharge.

L. E. Stanton and Bacon & Spellacy, for petitioners.
Joseph L. Barbour, for bankrupt.

PLATT, District Judge. The important allegations of the petition are: (1) Charles F. Murray filed a petition asking to be adjudged a bankrupt December 18, 1901. (2) His schedules declared his assets to be $50, and all exempt. (3) There appearing to be no assets, a trustee was not appointed. (4) A discharge was granted April 21, 1902. (5) Before December 18, 1901, the date of filing the petition, said Murray was possessed of an asset, which was a claim against the Hartford Telegram Company for $1,006.65 for services rendered. (6) For the purpose of concealing said asset and depriving his creditors of dividends to be derived therefrom, and for the purpose of defrauding his creditors, said Murray, on July 18, 1901, assigned said asset to his wife. (7) Said assignment was without any consideration, and for the

sole purpose of concealing the claim from his creditors, and was and is void. (8) Said asset was omitted from the schedules, and by means of the assignment he concealed the existence of the said asset from his creditors, and was guilty of an offense which would have prevented him from receiving a discharge, if known to the court. (9) The petition was brought within the year, and without laches. To the petition a demurrer is filed by said Murray. There are two reasons given for the demurrer: (1) That it is not alleged that the actual facts did not warrant the bankrupt's discharge. (2) That there is no allegation of any fact, which, if known to the judge when the bankrupt's discharge was granted, would have been ground for a refusal to grant such discharge.

The first cause of demurrer is without merit. If the facts set forth would have warranted the judge in refusing the discharge, there is no force in asking that the petitioners, after presenting them in detail, should assert the conclusion of law, which it would remain the duty of the court to infer from the facts.

The second cause of demurrer requires more thought. To sustain it, however, the counsel for Murray is forced by the logic of the situation to contend that a bankrupt may transfer property to his wife without consideration, and in fraud of his creditors, and with the latter purpose in view, at any date which shall be more than four months prior to his petition in bankruptcy, and with like fraudulent purpose may fail to mention such property in his schedules, and yet demand a full bill of financial health in spite of the protestations of his creditors. The question should be governed by the provisions of the bankrupt law as existing prior to the amendment of 1903, and I do not think that the amendment throws any light upon the intention of Congress, in this regard, when enacting the Law of 1898. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]. I am satisfied that section 67, subd. "e," has no application in a case where property has been fraudulently transferred by an insolvent debtor as a gift. In re Schenck (D. C.) 116 Fed. 555. Furthermore, under section 70, subd. "e," it is clear that, if the transfer to the wife is invalid under the laws of this state, a trustee could have avoided it.

The attempted transfer of July 18, 1901, conveyed no interest in the chose in action. It remained an asset of Murray's estate, and was an asset when he filed the schedules which accompanied his petition of December 18, 1901. By omitting to place it in the schedules, he was enabled to escape a trustee from whom to conceal it. But his oath to the schedules as prepared brings him within the provisions of the first ground for refusing a discharge. Whether or not, for purely technical reasons, he is free under the second ground, it is unnecessary to decide.

If the main allegations of the petition were to be filed as a specification against a discharge, they should be more carefully drawn, but for the present purpose they are sufficient. If they can be sustained by evidence, the discharge ought to be revoked.

Let the demurrer be overruled, with costs.