## JACKSON v. SEDGWICK.

(Circuit Court, E. D. New York. July 22, 1911.)

1. BANKRUPTCY (§ 161*)—ASSETS—TRANSFER—PREFERENCES.

Where a preferential assignment of accounts belonging to a corporation, to one of its directors, was made more than four months prior to the filing of a petition in bankruptcy, it could not be set aside under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), as a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

2. BANKRUPTCY (§ 178*)—PREFERENCES—ASSIGNMENT OF ASSETS TO DIRECTOR—RIGHTS OF CREDITORS.

A preferential assignment of assets of a corporation to a director is subject to the rights of creditors in so far as the value of the assets exceeded the genuine consideration involved, and, if made to keep such assets away from the creditors, would be void at any time, if the intent to interfere with the collection of claims actually existing against the corporation was present in the minds of the parties.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 178.*]

3. BANKRUPTCY (§ 178*)—PREFERENCES—TRANSFER OF ASSETS.

Where a corporation transferred certain accounts to a director as a creditor for advances previously made, but the transfer was not followed by delivery, the corporation retaining possession and collecting the assigned accounts so far as possible, and finally turning over to its trustee in bankruptcy the balance not collected, the transfer was invalid as to creditors, the burden being on the transferee to account for and restore what she had received, and on the corporation's trustee to show that she did receive something for which she was bound to account.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 178.*]

4. BANKRUPTCY (§ 178*)—PREFERENCES—TRANSFER OF ACCOUNTS—EVIDENCE OF INTENT.

Where accounts of a corporation were transferred to a director to secure her for advancements, but the transfer was not followed by delivery, and there was no entry of the transfer on the books of the corporation, it continuing to make collections and pay over the amounts thereof to the director, such method of bookkeeping and payment was evidence of fraudulent intent.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 178.*]

5. BANKRUPTCY (§ 186*)—PREFERENCES—LIABILITY OF TRANSFEREE.

Where a corporation while insolvent transferred certain accounts to a director to secure advances, and such transfer was void as against the corporation's creditors, the director was only bound to return what she had received pursuant to such assignment, either in collections made or by transfer to the corporation's trustee in bankruptcy of the assigned accounts remaining uncollected, less the actual present consideration paid therefor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 285; Dec. Dig. § 186.*]

In Equity. Suit by Thomas W. Jackson, as trustee for the creditors of the United Syndicate Buyers, against Henrietta A. Sedgwick. Decree for plaintiff.

Frank Benjamin, for plaintiff.
Robert J. McDermott, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CHATFIELD, District Judge. This is an action in equity to set aside the transfer of some $8,638, face value, of merchandise accounts, made December 15, 1906, by the United Syndicate Buyers, a corporation doing business in the city of New York and organized under the laws of the state of New Jersey, and for an accounting as to collections from these accounts. This corporation had very little capital and hardly any stock, but bought goods for export and discounted or pledged the bills or accounts for these sales, in order to meet the bills becoming due for goods previously purchased and disposed of in other transactions. The secretary and active man in the business was a son of the present defendant. The defendant became a director and stockholder and participated in the business in order to help her son, who was not yet 21 years of age and could not engage in business as he wished on that account. This son became of age before the transactions in question, and his mother ceased then to act as director, but seems to have remained legally a member of the board. The corporation not only had an unusual business, but conducted this business in an unusual manner, and negotiated loans substantially with two men, who received interest on the advances, being protected by an agreement on the part of the corporation, to refund or purchase back all of the accounts which were not paid within the time in which the debt to secure which they were assigned fell due. The defendant was frequently called upon to advance money to help the corporation out in taking over or repurchasing these bills which were not paid promptly, and it appears that in the month of December, 1906, about $1,000 was due to her in this way. She also had a claim for money loaned of $500, and at that time advanced $500 more by check. To secure this the corporation assigned to her some $9,000 worth of accounts, which had then not been paid or were of doubtful value, and had been taken back from the pledgees. The corporation then proceeded, within the next few months, to borrow from the two gentlemen who had previously made loans over $5,000 more, with which they paid all the creditors having claims at the time of the assignment. Ultimately, in the month of February, 1907, a proceeding was brought in New Jersey to have the corporation liquidated, and for the appointment of a receiver. At this time the corporation was insolvent. But, this plan not working out as was expected, a petition in bankruptcy filed in the Southern District of New York in July, 1907, caused the assets of the corporation to be taken in charge of by the bankruptcy court. Ultimately a trustee was appointed, who brought the present action against Mrs. Sedgwick, on the ground that the transfer to her in December previous to the filing of the petition was with intent to hinder, delay, and defraud creditors, and therefore void.

[1] It is apparent that this transfer was more than four months prior to the filing of the petition, and, while the circumstances were such that the assignment seems to have been plainly preferential, nevertheless the proceedings in bankruptcy were not brought within the period in which a preferential payment could be attacked. The trustee therefore seeks to show that the transfer was not only intended to prefer but was actually fraudulent—that is, that the corporation was

rendered insolvent by this transfer—that the corporation, that is its officers and its secretary, Mrs. Sedgwick's son, and Mrs. Sedgwick herself, as a director, knew or should have known of the condition of the company, and that a transfer of these accounts, if absolute, would have been void unless it had been for a present cash consideration.

[2] Inasmuch as it was made to a director of the corporation, it would be subject to creditors' rights over and above the payments of the genuine consideration involved, and, if made under the circumstances alleged for the purpose of keeping the assets away from other creditors, it would plainly be intended to hinder, delay, and defraud these other creditors, and hence would be void at any time that the intent to interfere with the claims actually existing in the bankruptcy proceedings might be present in the minds of the parties.

[3] The situation has been greatly complicated by the fact that the sale of these accounts to Mrs. Sedgwick was not followed by delivery. The books and unpaid accounts themselves were actually retained in the possession of the corporation, and those uncollected were finally taken possession of by the receiver and the trustee in bankruptcy, or were within the control of the bankruptcy court. The proof does not show how much of the proceeds are in the possession of Mrs. Sedgwick or of any one for her, but, on the contrary, it does show that these accounts were actually left within the control of the bankrupt or Mrs. Sedgwick's son, who was an officer of the bankrupt, and that the assignment to her conveyed nothing but a naked title, while the business went on as before.

Such a transfer would plainly not be valid as against creditors, if attacked in time. In re George W. Shiebler & Co., 174 Fed. 336, 98 C. C. A. 408. Further, a transfer of accounts for a past consideration, or even for a present inadequate consideration, where the circumstances as well as the books and instruments themselves indicate that the transfer was not intended to be absolute, but was merely to keep assets from other creditors, and as security to the assignee, must be held void. The burden is therefore upon the defendant in this action to account for and restore what she received, and the burden is upon the plaintiff to show that the defendant did receive something for which to account. It would appear from the testimony that, as has been said, the face value of the accounts was some $9,000. The amount of the debt for which they were transferred was about $2,000, and the defendant shows by the testimony that she has received from $700 to $1,000 collected by the corporation.

The fact that the creditors whose subsequent claims for loans have been proven in bankruptcy did not know of the transfer to Mrs. Sedgwick, and did not succeed in getting good collateral for their loans, or in keeping track of the business and accounts which were actually left in the hands of the corporation, does not give the trustee any rights as against Mrs. Sedgwick.

[4] But the methods of bookkeeping and the payment of collections to Mrs. Sedgwick without the use of a ledger account do show that the assignment of the accounts was used as a means of disposing of

what were the company's assets, even if pledged, and are evidence of intent of the parties. Mrs. Sedgwick either had collateral for which she should account, or else was concealing assets under an assignment, void for the most part. But it must be held that the plaintiff has not shown that Mrs. Sedgwick has now in her possession any assets, over the cash received, except the naked title conveyed by the assignment, even though the agreement purporting to sell her certain accounts should be declared void.

[5] In so far as the defendant has offered testimony, she seems to have admitted the receipt of what actually came into her possession and for which she should be held responsible, but the mere fact that she was a director, and therefore should be held to a director's responsibility for the corporation's accounts, does not mean that she must restore to the corporation property which she did not receive and for whose loss she is not responsible even as a director. The accounts in question should have been located and their recovery sought in bankruptcy; but inasmuch as there seems to have been some dispute as to whether or not Mrs. Sedgwick had title thereto, and inasmuch as it appears that her alleged title was invalid, the plaintiff may have a decree that Mrs. Sedgwick has no title in any of the accounts in question; that she should execute the necessary conveyance to revest these accounts in the estate; and that she pay back what she received.

A further defense has been interposed, inasmuch as it is claimed that the testimony does not show that the corporation was insolvent in December, at the time of the assignment of these accounts. The disposition which has been made of the matter has been based upon the conclusion that the history of everything concerned in collecting these accounts and winding up the affairs of the concern would indicate that it was losing money at the time of these transactions, and, if it had been compelled at that time to liquidate, its liabilities would have considerably exceeded its assets.

If any of the uncollected accounts were actually in the hands of Mrs. Sedgwick, and the assignment claimed by her to be absolute and not as security, or if the transfer were merely preferential, it might be necessary to consider this defense more in detail, in order to see if her claim of solvency could be sustained. But as the case stands such scrutiny is unnecessary, and the plaintiff is entitled to a decree, with a reference, if necessary, to determine the amount of money collected by the bankrupt and turned over to Mrs. Sedgwick, but against which should be offset the sum of $500 cash actually advanced for this assignment.