### KIRKPATRICK v. JOHNSON.

(District Court, S. E. D. Pennsylvania. June 18, 1912.)

#### No. 2.

BANKRUPTCY (§ 179*)—FRAUDULENT TRANSFER OF PROPERTY—RECOVERY BY TRUSTEE.

A trustee in bankruptcy may recover from the wife of the bankrupt, as property transferred in fraud of his creditors, a life insurance policy having a cash surrender value which the bankrupt transferred to her without her knowledge and without consideration while insolvent, and the effect of which transfer was to hinder, delay, and defraud creditors who remained such until the bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 272; Dec. Dig. § 179.*]

In Equity. Suit by William H. Kirkpatrick, trustee in bankruptcy of Harry K. Johnson, against Henrietta B. Johnson. On final hearing. Decree for complainant.

Kirkpatrick & Maxwell, of Easton, Pa., for complainant.

James W. Fox and Robert A. Stotz, both of Easton, Pa., for defendant.

J. B. McPHERSON, Circuit Judge. On April 25, 1911, Harry K. Johnson was adjudged bankrupt, and on May 6th the plaintiff qualified as trustee. He seeks by this suit to perfect his claim to a policy of life insurance, now in the defendant's possession, in order that he may realize its surrender value for the benefit of the estate. Without discussing the evidence that supports them, I state my findings of fact as follows:

On December 27, 1900, the bankrupt took out a 20-year term, $10,-000, policy of life insurance in the Equitable Life Assurance Society of New York, in favor of Osborne H. Snyder, who was then his partner; or, if Snyder should die first, then in favor of the bankrupt's executors, administrators, or assigns. The policy expressly reserved the right of the assured to change the beneficiary, and accordingly, on June 9, 1908, he substituted his own executors, administrators, or assigns in place of Snyder. No other change of beneficiary has since been made, but on June 10, 1910, the policy having then a cash surrender value of $1,300, which the insurance company was bound to pay to the bankrupt on demand, he transferred the policy to his wife, the present defendant, by an assignment in writing. She knew nothing about the transaction until after the bankruptcy. He was insolvent in June, and continuously thereafter until the date of adjudication. There was no consideration for the assignment, and no agreement between his wife and himself in relation thereto. He knew that he was in financial difficulties, and both the intent and the effect of the transaction were to hinder, delay, and defraud the bankrupt's creditors then existing. Among these creditors was the Converse Rubber Shoe Company, to whom he remained indebted continuously in large and varying amounts until the date of adjudication; the shoe company being then his only creditor. Between June 10, 1910, and April 25, 1911, the bankrupt paid the further sum of $772.50 to the insurance company, being premiums for three years upon the policy, one premium of $257.50 being due on November 21, 1910, and the other two premiums being paid unnecessarily in advance. These payments were made for the benefit of his wife, without her knowledge and without consideration, and both their intent and their effect were also to hinder, delay, and defraud the bankrupt's creditors then existing. When the trustee qualified, the policy had a cash surrender value of $1,760, and the insurance company was bound to pay that sum to the person legally entitled thereto.

It would not be easy to improve on the clear, concise, and cogent argument in favor of the trustee, and indeed the defendant does not seriously controvert it, except upon one point, namely, the fact of the bankrupt's insolvency in June, 1910. On this matter, however, the evidence is I think plainly in favor of the trustee, and I have already found the fact against the defendant. Little remains to be said if the facts have been correctly found, for the legal questions scarcely admit of dispute. This was a voluntary transfer of property, without consideration, by an insolvent man, and he must be held to have in-

tended the natural consequences of his act. In my opinion the assignment cannot be sustained, and the trustee is entitled to the relief prayed for.

A decree may be entered in accordance with the bill.