## BALDWIN v. KINGSTON.

(District Court, D. New Jersey. January 3, 1918.)

1. BANKRUPTCY ⟨key⟩175—CONVEYANCE—SETTING ASIDE.

A conveyance cannot be avoided by a trustee in bankruptcy, under Bankruptcy Act July 1, 1898, c. 541, § 67e, par. 1, 30 Stat. 564 (Comp. St. 1916, § 9651), unless actual fraud is shown.

2. BANKRUPTCY ⟨key⟩176—TRUSTEE—VACATION OF CONVEYANCE.

Under Bankruptcy Act, § 70e (Comp. St. 1916, § 9654), a trustee in bankruptcy may avoid any transfer by the bankrupt which could have been avoided by his creditors under the laws of the state, regardless of the question of the bankrupt's insolvency at the date of the transfer, and regardless of the time when the transfer was made.

3. BANKRUPTCY ⟨key⟩175—TRUSTEES—VACATION OF CONVEYANCE.

Under such section, and in view of the amendment of 1910 (Act June 25, 1910, c. 412, 36 Stat. 838) to section 47a (Comp. St. 1916, § 9631), specifically vesting the trustee with the lien of judgment creditors, a trustee in bankruptcy may avoid a transfer by the bankrupt, although there were no creditors who, because they had no lien or judgment, would, at the time of the filing of the petition in bankruptcy, have been in a position to attack a conveyance by the bankrupt.

4. FRAUDULENT CONVEYANCES ⟨key⟩74(3)—VACATION—GROUNDS.

Under the laws of New Jersey, a voluntary conveyance is deemed fraudulent in law as to, and voidable at the instance of, a creditor whose debt existed at the date of the conveyance, irrespective of the actual intention of the grantor or grantee, or of the former's solvency or insolvency at the time of the conveyance.

5. HUSBAND AND WIFE ⟨key⟩278(2)—SEPARATION—AGREEMENTS—VALIDITY.

Where the parties had already separated, an agreement, executed between the husband and wife, providing for her support during the separation, is not opposed to public policy.

6. BANKRUPTCY ⟨key⟩178(1)—CONVEYANCE FOR WIFE'S SUPPORT.

A husband, who had ceased to live with his wife, having become enamored with another woman, and who had withdrawn her credit for necessaries, on the wife's demand that he make provision for her support, arranged that the marital homestead, in which the wife had continued to live, should be conveyed to her; the conveyance being made through a third party, acting as conduit of title. Held that, as it was competent for the parties, having already separated, to enter into such agreement, the conveyance was not a voluntary one, which under the New Jersey law would be constructively fraudulent, and voidable at the instance of existing creditors, and hence that it could not, on the bankrupt's subsequent bankruptcy be set aside, under Bankruptcy Act, § 70e.

In Equity. Bill by J. Wadsworth Baldwin, as trustee in bankruptcy of La Rue H. Kingston and William A. Burnett, individually and as copartners, against Etta C. Kingston, to set aside a conveyance alleged to have been made in fraud of creditors. Bill dismissed.

Andrew Van Blarcom, of Newark, N. J., and J. Russell Sprague, of Inwood, N. Y., for plaintiff.

McCarter & English, of Newark, N. J., for defendant.

HAIGHT, District Judge. This is a suit by a trustee in bankruptcy to set aside a conveyance of certain real estate made by a bankrupt, through an intermediary, to his wife, the defendant, upon the ground

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that it was made to hinder, delay, and defraud his creditors. The transfer was made on September 4, 1914. The grantor, La Rue H. Kingston (hereinafter referred to as the "bankrupt"), was adjudicated a bankrupt on December 26, 1914, as was also, at the same time, his partner in business, William A. Burnett, and the plaintiff was subsequently appointed trustee in bankruptcy of the individual estates of both partners, as well as their copartnership estate. The property in question was the individual property of Kingston, and had been occupied by him and the defendant as a dwelling. For about a year preceding the conveyance, the bankrupt and the defendant had not lived together. He had apparently become enamored of another woman, with whom he lived in an adjoining city. The difficulties between him and his wife seem to have increased as the time passed, and latterly it had become very difficult for her to procure from him the money necessary for her support and maintenance. Before the conveyance was made, the bankrupt, apparently without justification, advertised in one or more newspapers in Newark, where his wife resided, that he would no longer be responsible for her debts, and specifically notified two merchants, from whom she had theretofore been accustomed to procure supplies on his credit, to withhold further credit from her. This action on his part resulted in a conference between him and the defendant, at which she pointed out his obligation to support her, the fact that he was not doing so, that he was apparently trying "to starve her out of house and home," and her destitute condition, and she made a demand that he make some adequate provision for her support. Thereupon, at her suggestion or upon his initiative—the evidence is not clear which—but clearly in order to comply with the defendant's demand it was arranged that the property in question should be conveyed to her. This arrangement was accordingly carried out and resulted in the conveyance now under attack. Admittedly, there was no consideration for the conveyance except the performance—whole or partial —of the bankrupt's obligation to support his wife, and possibly her relinquishment of any demand upon him for further or other support. I cannot find any evidence that the conveyance was made with any actual intent to defraud the bankrupt's creditors, either on his part or on that of the defendant.

[1] Indeed, the plaintiff does not contend that there was any such intent. It is therefore clear that the conveyance in question cannot be avoided under the first paragraph of section 67e of the Bankruptcy Act, which requires that actual fraud must be shown. Coder v. Arts, 213 U. S. 223, 244, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008. Furthermore, the evidence is not even sufficient to justify a finding that the bankrupt was insolvent at the time the conveyance was made, although I must confess to a very strong suspicion that such was the case. The bankrupt and his partner, Mr. Burnett, had been conducting a profitable restaurant business in the city of Newark for a number of years preceding the bankruptcy, and the bankrupt's insolvency was due solely to the failure of the firm. The evidence of Burnett, which is the only evidence on this point, is hopelessly contradictory as to whether the firm's financial condition was the same at the time the con-

veyance was made as it was at the time the petition in bankruptcy was filed.

[2, 3] The trustee claims that it is immaterial to his right to relief whether or not the conveyance .was the result of actual fraud, or whether or not the bankrupt was insolvent at the time it was made, because under the laws of New Jersey, applicable to the situation pre-. sented in this case, the conveyance might have been avoided by certain of the bankrupt's creditors, and consequently, by section 70e of the Bankruptcy Act, can be .avoided by the trustee in bankruptcy. The defendant, on the other hand, insists that section 70e, when a state law is invoked, must be read with the second paragraph of section 67e, and that in such a case the limitations contained in the latter section must be held to be applicable to the former. Hence he argues that, as insolvency on the part of the bankrupt at the time of the conveyance is an essential element of the second paragraph of section 67e, and as such insolvency has not been proven in this case,_the bill must be dismissed. It needs but a cursory examination of the two last-mentioned sections to see that there is an apparent inconsistency and overlapping in them. If section 70e is applicable to a conveyance invalid as to creditors under the law of a state, it manifestly covers cases which are included within the second paragraph of section 67e, yet it contains neither the limitation of time nor the requirement of insolvency which the last-mentioned provision does. Perhaps this apparent inconsistency may be avoided if section 70e is held to apply to conveyances which are voidable, as distinguished from void, and the second paragraph of section 67e held to cover conveyances which are void, as distinguished from voidable. It will be noted that in section 70e the language is that the trustee may "avoid," which indicates not a void conveyance but rather one which is voidable, while in the second paragraph of section 67e the language is that conveyances "which are held null and void * * * shall be deemed null and void under this act." Or it may be that this overlapping and inconsistency can be explained, as Judge Lowell, in In re Mullen, 101 Fed. 413 (D. C. Mass.), appears to have thought, because section 67e became a part of the Bankruptcy Act subsequent to the incorporation of section 70 therein, and that neither was modified to conform to the other. However this may be, unless the plain terms of section 70e are to be disregarded, which, of course, is not permissible, it seems entirely clear that the trustee may avoid any transfer by the bankrupt which any creditor of the bankrupt might have avoided, under the laws of the state, had not bankruptcy intervened, irrespective of the time when the transfer was made and of the financial condition of the bankrupt at that time, provided only that conveyances to bona fide holders for value are protected. Such has been the uniform course of judicial decision, without dissent so far as I am aware. In the following cases, the right of a trustee in bankruptcy to set aside a conveyance made by the bankrupt more than four months before the filing of the petition in bankruptcy against him, and which could have been avoided under the laws of the state by creditors, is discussed and recognized: In re Julius Grahs, 1 Am. Bankr. Rep. 465, 469 (D. C. Ohio); In re Gray, 47 App. Div. 554, 62 N. Y. Supp.

618, 3 Am. Bankr. Rep. 647; Mueller v. Bruss, 112 Wis. 406, 88 N. W. 229, 8 Am. Bankr. Rep. 442; In re Scrinopski, 10 Am. Bankr. Rep. 221, 224 (D. C. Kan.); Skillen v. Endelman, 39 Misc. Rep. 261, 79 N. Y. Supp. 413, 11 A. B. R. 766, 769; Pratt v. Christie, 95 App. Div. 282, 88 N. Y. Supp. 585, 12 Am. Bankr. Rep. 1, 2; Thomas v. Roddy, 122 App. Div. 851, 107 N. Y. Supp. 473, 19 Am. Bankr. Rep. 873; In re Mullen, 101 Fed. 413 (D. C. Mass.); In re Schenck, 116 Fed. 554 (D. C. Wash.); In re Toothaker Bros., 128 Fed. 187 (D. C. Conn.); In re Rodgers, 125 Fed. 169, 60 C. C. A. 567 (C. C. A. 7th Cir.); Bush v. Export Storage Co., 136 Fed. 918, 920 (C. C. Tenn.); Ruhl-Koble-gard Co. v. Gillespie, 61 W. Va. 584, 56 S. E. 898, 10 L. R. A. (N. S.) 305, 11 Ann. Cas. 929, 22 Am. Bankr. Rep. 643; In re Standard Tele-phone & Electric Co., 157 Fed. 106 (D. C. Wis.); Fourth St. National Bank v. Milbourne Mills Co.'s Trustee, 172 Fed. 177, 96 C. C. A. 629, 30 L. R. A. (N. S.) 552 (C. C. A. 3d Cir.); Manders v. Wilson, 230 Fed. 536 (D. C. Cal.); Senft v. Lewis, 239 Fed. 116, 152 C. C. A. 158 (C. C. A. 2d Cir.); Holbrook v. International Trust Co., 220 Mass. 150, 107 N. E. 665, 33 Am. Bankr. Rep. 808. In the following cases, fraudulent conveyances, made more than four months before the filing of the petition in bankruptcy, have been set aside at the suit of a trus-tee, and in all of them, apparently, the right to do so has been taken for granted and not discussed: Cowan v. Burchfield, 180 Fed. 614 (D. C. Ala.); Jackson v. Sedgwick, 189 Fed. 508 (C. C. E. D. N. Y.); Kirk-patrick v. Johnson, 197 Fed. 235 (D. C. Pa.); Peterson v. Mettler, 198 Fed. 938 (D. C. Wash.); Andrews v. Mather, 134 Ala. 358, 32 South. 738, 9 Am. Bankr. Rep. 296; Phillips v. Kleinman, 23 Am. Bankr. Rep. 266; Thomas v. Fletcher, 153 Fed. 226 (D. C. Me.).

It is a necessary conclusion, of course, that, if the four months limitation does not apply in a case brought under section 70e, neither is the question of the insolvency of the bankrupt at the time of the con-veyance of any materiality, except it be made so by the state law, be-cause one is as essential an element of section 67e as the other. It is also the right of a trustee to avoid a transfer, under section 70e, al-though there are no creditors who, because they had no liens or judg-ments, would have been in a position, at the time of the filing of the pe-tition in bankruptcy, to attack the transfer. Fourth St. National Bank v. Millbourne Mills Co's. Trustee, supra; Mueller v. Bruss, supra; Thomas v. Roddy, supra; In re Standard Telephone & Electric Co., supra. Not only is the language of section 70e sufficiently compre-hensive to alone justify this latter rule, as the above-cited cases point out, but, since all of them were decided, the amendment of 1910 to section 47a specifically vests a trustee with such a lien as is sufficient to enable a creditor to attack a fraudulent conveyance in a court of equity in most, if not all, states. Hence it follows that the plaintiff may attack the conveyance in question, irrespective of the solvency or in-solvency of the bankrupt at the time the conveyance was made, provid-ed that it could have been attacked by any creditor in the courts of New Jersey, had not bankruptcy intervened.

[4] It is unquestionably the law of New Jersey that a voluntary con-veyance—one without consideration—is deemed fraudulent in law as

to, and voidable at the instance of, a creditor whose debt existed at the date of the conveyance, irrespective of the actual intention of the grantor or grantee, and of the former's solvency or insolvency, at the time of conveyance. Haston v. Castner, 31 N. J. Eq. 697; Severs v. Dodson, 53 N. J. Eq. 633, 34 Atl. 7, 51 Am. St. Rep. 641; Washington National Bank v. Beatty, 77 N. J. Eq. 252, 76 Atl. 442, 140 Am. St. Rep. 555; Horton v. Bamford, 79 N. J. Eq. 356, 378, 81 Atl. 761; Lougheed v. Armstrong, 84 N. J. Eq. 49, 92 Atl. 93. The evidence establishes that the claims of two or more of the bankrupt's present creditors existed at the time of the conveyance.

[5, 6] It remains, therefore, to consider next whether the conveyance in question was a voluntary one within the meaning of the New Jersey rule. It will be borne in mind that the defendant and the bankrupt, at the time of the conveyance, were living in a state of separation, and that the latter, immediately prior thereto, had publicly advertised that he would no longer be responsible for any debts contracted by the defendant. He, however, was under duty to provide reasonable means for her support. This duty he had not only neglected to perform, but he actually refused to do so. The defendant, therefore, could have forced him in any court of competent jurisdiction to perform it. Recognizing this, and as a result of her insistence that he provide means for her support, the bankrupt made the conveyance in question. I cannot comprehend how the fact that the defendant did not go into a court to enforce her rights can have any bearing upon the question now under consideration, providing, of course, that there was not an actual intent, by the means adopted, to defraud the bankrupt's creditors, as I have found there was not. It was entirely proper for them, in lieu of resorting to a court, to adopt the course which they did. The separation was already an established fact, and the contract was therefore not opposed to public policy. Pettit v. Pettit, 107 N. Y. 677, 14 N. E. 500, cases cited in 9 Cyc. 520. The whole or partial discharge, as the case may be, of the bankrupt's legal obligation to support his wife while living apart, was a valid consideration for the conveyance. Calkins v. Long, 22 Barb. (N. Y.) 97; Pettit v. Pettit, supra. It does not seem to me to be of any materiality, except on the question of good faith and the fairness of the consideration, whether the conveyance was in complete satisfaction of all claims which the wife had against the bankrupt or whether it was only partial. Surely, if it was competent for the parties to have made any agreement on the subject, they were at liberty to agree as to whether the conveyance should be in full satisfaction or partial satisfaction, as they saw fit.

While any final settlement that they may have made, would not, probably, under all circumstances, be binding on the Court of Chancery of New Jersey, if the wife should appeal to that tribunal for separate maintenance and alimony under the New Jersey statutes (Boehm v. Boehm [N. J. Eq.] 101 Atl. 423), it would surely be taken into account in determining what, if anything, should be awarded her (Moran v. Moran [N. J. Eq.] 2 Atl. 777; Boehm v. Boehm [N. J. Eq.] 101 Atl. 425; see, also, cases cited in 14 Cyc. 770), and furthermore, it would protect the husband, providing it was reasonably

adequate, from any liability to answer for "necessaries" furnished to her (Calkins v. Long, supra). Thus it follows that the conveyance was not a voluntary one—a mere gift without consideration—but had a consideration to support it. Nor, taking into account all of the circumstances which ordinarily enter into the determination of what a husband, who has unjustifiably separated himself from his wife, should pay for her support, is there sufficient evidence to warrant the finding that the value of the property transferred was so disproportionate to the bankrupt's pecuniary obligation to the defendant, as to justify the application of the equitable doctrine, so exhaustively discussed by Vice Chancellor Garrison in Horton v. Bamford, 79 N. J. Eq. 356, 379, 81 Atl. 761, that where, under certain circumstances, the consideration for a conveyance is sufficiently inadequate, the conveyance will be sustained to the extent of the consideration actually given and declared voluntary and void as to the residue. The bill is not filed to set aside the conveyance as a preference under section 60b of the Bankruptcy Act (Comp. St. 1916, § 9644), if, indeed, a conveyance based upon a consideration such as is present in this case could under any circumstances be considered a preference (upon which question I do not intimate any opinion whatever), and hence the question whether or not it constituted a voidable preference is not presented.

Therefore, as no actual fraud has been proven, and as the facts necessary, under the New Jersey rule, to warrant the finding of constructive fraud, in whole or in part, are not present, it follows that the bill must be dismissed, with costs.