Jarvis, Trustee, *v.* Hill (Jones, Appellant).

Argued March 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*James Crawford,* of *Patterson, Crawford, Arensberg & Dunn,* for appellant.—The charge of the court was inadequate, giving the jurors a wrong impression of the material issues and failing to present the vital questions in the case: Wheeler v. Kidder, 105 Pa. 270.

A mortgage may be extinguished by parol release if based on sufficient consideration: Ackla v. Ackla, 6 Pa. 228; Craft v. Webster, 4 Rawle 242.

Appellant was entitled to a new trial.

*Edwin W. Smith,* of *Reed, Smith, Shaw & McClay,* with him *George D. Wick,* for appellee.—The gift of a bond, note, or any other chattel cannot be made by words in futuro, or by words in præsenti, unaccompanied by such delivery of the possession as makes the disposal of the thing irrevocable: Campbell's Est., 7 Pa. 100; Sullivan v. Hess, 241 Pa. 407; Smith's Est., 237 Pa. 115; Reese v. Safe Dep. & Ins. Co., 218 Pa. 150; Clapper v. Frederick, 199 Pa. 609.

Under the pleadings in the case, the evidence as to Bell's indebtedness was relevant.

Appellant cites two cases in the conclusion of his argument, Fleming v. Parry, 24 Pa. 47, and Safe Deposit

& Trust Co. v. Kelly, 159 Pa. 82, as authority for the proposition that a release or extinguishment of either a bond or a mortgage is a discharge of the other. However, in both these cases, the extinguishment or satisfaction was held to be a question of the intention of the parties to be determined by the jury.

OPINION BY MR. JUSTICE SCHAFFER, April 22, 1929 :

If it is borne in mind that this is a sci. fa. on a mortgage and not a proceeding directly involving the title to the real estate which it binds, the problem submitted to us becomes much simpler than it otherwise might be.

The mortgage was made by William D. Hill to John A. Bell. The sci. fa. was sued out by James N. Jarvis, trustee in bankruptcy of Bell, against Hill as mortgagor, and Mary B. Jones, who is Bell's daughter, as real owner. The case was submitted by the trial judge to the jury for determination and they found for plaintiff; Mary B. Jones appeals.

Bell was the owner of the property bound by the mortgage. He sold it on November 23, 1922, to Hill for $25,000, receiving in payment $5,000 in cash and the mortgage in question for $20,000. Hill, in November or December, 1923, got into financial straits and went to Bell, who was a banker, for assistance. Part of the arrangement that they entered into was that Hill should reconvey the property and, according to Bell's testimony, the mortgage, which at that time had not been recorded, was to be cancelled. This was also Hill's understanding. Bell testified that he gave the bond back to Hill sometime later. Before the matter was consummated, Bell instructed Hill to make the deed to Mary B. Jones, Bell's daughter, and on February 29, 1924, Hill delivered to Bell the deed from himself and wife to Mrs. Jones. This deed remained in Bell's possession until March 10, 1925, when it was recorded. He got it from the recorder's office on May 11, 1925. On the day of delivery of the deed to Bell on February 29, 1924, he put

on record the unrecorded mortgage from Hill to himself for $20,000 here in suit. He did this without Hill's knowledge; his reason for recording it, so he testified, was to protect himself against the contingency of Hill's going into bankruptcy within four months and with the intention of cancelling it when the time had expired. He did not do so, however, and did not obtain the mortgage from the recorder's office until March 10, 1925, the day he recorded the deed. In the meantime, Bell himself had gotten into serious financial difficulties and on June 11, 1925, a creditor's committee was appointed to take charge of his affairs. According to his testimony, about two weeks prior to the appointment of this committee, he endorsed in pencil on the mortgage "This mortgage satisfied by the repurchase of the property," signed it and handed the mortgage so endorsed to his daughter, Mrs. Jones. The notation on the document is without date.

In its opinion refusing appellant's motion for a new trial, the court below says: "Conceding that the gift was perfected by his noting satisfaction on the mortgage, this notation was made about two weeks before June 11, 1925, the date of the appointment of the creditor's committee. Until that time the mortgage was in the hands and under the control of Mr. Bell. It is true he had stated he intended to satisfy on the happening of certain contingencies, but this promise (if deemed a promise rather than the statement of a purpose) had been made to Mr. Hill. If marking the mortgage satisfied constituted a gift, consummating it, it was within four months of Mr. Bell having been declared bankrupt, and, under section 67 of the bankruptcy statute, the gift was null and void." We see no escape from this conclusion. The section of the Bankruptcy Act (U. S. C. A., title 11, section 107) provides: "All conveyances, transfers, assignments or encumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act......and within four

months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned or encumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors."

Appellant argues that the charge of the court was inadequate, giving the jurors a wrong impression of the material issues and failing to present the vital questions in the case. The defense was that the principal and interest of the mortgage were not due and owing, because the mortgage had been cancelled, the bond returned and the debt extinguished. We think, however, that this defense was unavailing to appellant in view of the circumstances attending the transaction as they were developed on the trial and in view of the provisions of the Bankruptcy Act. It is said that there was no evidence whatsoever in the agreement between Bell and Hill of the intention to keep the mortgage alive or of any intention not to extinguish the mortgage debt, but Bell testified as to why he kept the mortgage alive and why he did not extinguish it. As between him and his daughter, the grantee of Hill, the mortgage was alive by Bell's own acts and he did not attempt to change its status as an existing lien until within much less than the four months of his adjudication as a bankrupt.

It is insisted by appellant that a new trial should be granted because the court permitted testimony to be given to show that at the time and before he made the notation on the mortgage Bell was indebted to a very

large sum from $5,000,000 to $9,000,000, and while the trial judge subsequently struck this testimony out, he did not tell the jury to disregard it. In our opinion, the testimony should not have been stricken out, but on the contrary was clearly admissible as it conclusively proved that, at the time Bell endeavored to nullify the mortgage for his daughter's benefit, he was hopelessly insolvent. This fact, coupled with the admittedly voluntary gift, supplies the fraudulent intent and makes the transaction voidable: Kirkpatrick v. Johnson, 197 Fed. 235; Pollock v. Simon, 205 Fed. 1005; Hedrick v. Hockfield, 283 Fed. 574. Since the jury have found that the gift was not consummated, the verdict need not be disturbed, as but one conclusion could be drawn from the evidence.

We think the argument made by appellant, that the mortgage was cancelled, not primarily to carry out a gift from Bell to Mrs. Jones but as a part of the agreement between Bell and Hill, and the date of its consummation was not that of the physical delivery of the instrument to Mrs. Jones just before the bankruptcy, but of the delivery of the deed by Hill in February, 1924, is not a tenable position under the evidence. The testimony convincingly shows that so far as Bell was concerned he had not considered the mortgage as cancelled at the time of his arrangement with Hill.

It would seem that in having her contention submitted to the jury appellant really got more favorable treatment than she was entitled to, as the case would appear to be one for binding instructions in plaintiff's favor.

The judgment is affirmed.